**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 19, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-10705

LIBERTY MUTUAL INSURANCE COMPANY,

      Plaintiff-Counter-Defendant, Appellee-Cross-Appellant,

      versus

MID-CONTINENT INSURANCE COMPANY,

      Defendant-Counter-Claimant, Appellant-Cross-Appellee.

Appeal from the United States District Court
for the Northern District of Texas

Before GARWOOD, JOLLY and BARKSDALE, Circuit Judges.

PER CURIAM:

TO THE SUPREME COURT OF TEXAS AND THE HONORABLE JUSTICES THEREOF

    This court hereby amends its March 31, 2005 order in the above case certifying to the Supreme Court of Texas the therein specified determinative questions of Texas law. This amendment to the certification order is made solely to correct a misstatement of fact inadvertently contained in the certification order. The certification order states that Mid-Continent settled the claims against Crabtree, its named insured, at the same time or prior to the settlement of the claims against Kinsel. That is incorrect, as the settlement by Mid-Continent of the claims against Crabtree was

not made until after the claims against Kinsel were settled. Mid-Continent settled the claims against Crabtree in separate negotiations after the Kinsel settlement but before trial commenced in the underlying suit brought by the Boutin family members. Accordingly, at the time of the Kinsel settlement, Mid-Continent's policy limits had not been reduced by the amount of the Crabtree settlement, and those policy limits were still subject to the unresolved claims against Crabtree. As correctly stated in the March 31, 2005 certification order, the amount paid by Mid-Continent to settle the claims against Crabtree was $300,000.

Except as above stated, the March 31, 2005 certification order in this case remains unaltered.